UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HASTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P., FRONTLINE ASSET STRATEGIES, LLC, and JOHN DOES 1-5,<br><br>Defendants. | Case No. 2:20-cv-01008 |

## ORDER GRANTING MOTION FOR FINAL APPROVAL AND ORDER OF DISMISSAL WITH PREJUDICE

AND NOW, this 2nd day of May, 2024, upon consideration of Plaintiff's Motion for Final Approval and all related papers and responses thereto, IT IS ORDERED THAT:

1. Based on the rigorous review the Court has conducted, Plaintiff's Motion for Final Approval is GRANTED and the above-captioned action is dismissed with prejudice. The Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement Agreement is the result of a good faith arm's-length negotiation between experienced counsel representing the interests of the Parties. Accordingly, the Settlement Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class is certified for purposes of settlement, and pursuant to the terms and conditions of the Settlement Agreement (and for no other purpose and with no other effect upon the action, including no effect upon the action should its effective date not occur), a class of:

> All natural persons residing in Delaware, Pennsylvania, New Jersey, and the U.S. Virgin Islands who, from April 1, 2020 through March 17, 2021, received a letter from Defendants that stated in some form that Defendants would assume the debt

at issue in the letter was valid unless the consumer sent a written dispute to Defendants.

3. The Settlement Class expressly excludes officers and directors of Defendants; family members of the officers and directors of Defendants; any parents, subsidiaries, affiliates, of the Defendants; and any entity in which the Defendants have a controlling interest; all judges assigned to hear any aspect of this litigation, as well as their immediate family members; all persons and entities that have released the Settlement Class Released Claims described in the Settlement Agreement prior to the Court's preliminary approval; and government entities; and any person who timely and validly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

4. The Court finds that the Settlement Class meets the requirements of Fed. R. Civ. P. 23. Specifically, the Court finds that:

    (a) The class is so numerous that joinder is impracticable.

    (b) There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

    (c) Plaintiff's claims are typical of the claims of the class members.

    (d) Plaintiff and class counsel have fairly and adequately represented the interests of the class members.

    (e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

5. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served notices of the proposed settlement on the appropriate Federal and State officials.

6. As reported by the Settlement Administrator, notice was provided via direct mail to the 3,176 individuals identified on the Class List provided by Defendants, none of those persons raised an objection, and none of those persons requested to be excluded from this case.

7. Such notice complies with the due process requirements and Fed. R. Civ. P. 23. The form and means of disseminating the notice as provided for in this Court's Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable efforts. Said notice provided the best notice practicable under the circumstances of the proceedings and matters set forth therein, including the Settlement Agreement, to all persons entitled to such notice.

8. The Court has jurisdiction over the subject matter of this action and over all parties hereto.

9. By entering this Order and Final Judgment, the Court does not make any determination as to the merits of this case.

10. The settlement, on the terms and conditions set forth in the Settlement Agreement, is fundamentally fair, reasonable, and adequate, and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members. The terms and conditions of the Settlement Agreement are hereby incorporated as though fully set forth in this Order.

11. As set forth in the Settlement Agreement, within 14 days from the Effective Date, Defendants shall pay the Settlement Administrator $33,000.00 to fund the Claims Fund.

12.   No later than 21 days after this payment, the Settlement Administrator shall mail each Settlement Class member that submitted a Claims Form a check according to the process set forth in the Settlement Agreement.

13.   As set forth in the Settlement Agreement, funds from uncashed checks shall be paid to Neighborhood Legal Services, which the Court finds to be an appropriate *cy pres* recipient.

14.   The Court finds that a $2,500.00 service award to Plaintiff is fair and reasonable.

15.   The Court finds that a $115,000.00 payment to Class Counsel is fair and reasonable.

16.   Upon entry of this Order and final approval of the settlement, Plaintiff and each member of the Settlement Class who has not been excluded or that has not timely and validly opted out pursuant to the procedures set forth in the Settlement Agreement will release Defendants from any and all claims or causes of action arising under the FDCPA and arising out of, or regarding the allegedly unlawful language contained in the letter at issue in this case, or a similar letter, which language states Defendants would assume the debt at issue in the letter was valid unless a consumer sent a written dispute to Defendants. Settlement Class Members shall be deemed to have, and by operation of this Final Judgment, fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged all such claims.

17.   No later than 30 days after the Effective Date of the Settlement Agreement, the Settlement Administrator shall file with this Court, under seal, a list of the names and addresses of all Settlement Class Members to whom notice of the Settlement Agreement was sent.

18.   This Order enjoins prosecution by Plaintiff and all of the Settlement Class Members of any released claims, and they are forever barred from filing, commencing, prosecuting, intervening in, or participating in (as a class member or otherwise) any action in any jurisdiction or forum each and every released claim.

19. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement. Final Judgment shall not bind any Settlement Class Members who timely and validly opted out of the Settlement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Neither this Order, the fact that a settlement was reached, executed, and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession by any party of fault, liability or wrongdoing whatsoever or breach of any duty on the part of Defendants as to any facts or claims that may have been alleged or asserted in the action. This Order and Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings related to it in any way be used, offered, admitted, or referred to in the action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceedings, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

20. The Clerk of the Court is hereby directed to close the action.

21. This Litigation against the Defendants is hereby dismissed with prejudice and without costs, except that the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret, enforce, and implement the terms, conditions and obligations of this Settlement Agreement and this Final Order. Class Counsel will continue in their role to oversee all aspects of the Settlement Agreement. Upon notice to Class Counsel, Defendants may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Settlement Released Claims enumerated in the

Settlement Agreement, in any other forum, or as may be necessary to protect and effectuate the Settlement Agreement and this Final Approval and Judgment.

      22.    The Parties are hereby authorized to implement the terms of the Settlement Agreement.

      **IT IS SO ORDERED.**

Dated: MAY 2, 2024

_____
W. SCOTT HARDY
UNITED STATES DISTRICT JUDGE